JIM PAIN v. THE STATE.

No. 11644.   Delivered May 23, 1928.

The opinion states the case.

*Seale & Denman* of Nacogdoches, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor, punishment one year in the penitentiary.

Officers arrested appellant and found in his car a quart of whiskey. Appellant said it was his. On the trial he testified that on the occasion in question he drove his car, in which was Louis Benton, a negro, out to another negro's house in response to a request on the part of Benton that he do so. He testified that when they got to the place they were going the negro got out and went away and that he, appellant, went over and talked to another man. He further said that when Benton came back to the car the two of them started back to town and were intercepted by the officers. He said that there was no whiskey in the car as they were going out to the place where he and Benton went, and that he did not get any whiskey out there, and did not know whether the negro got any or not. He said that if Benton had any whiskey in the car he did not know it; that Benton jumped out of the car and ran just before they met the officers. He admitted that he had been drinking around his shop before he went out in the country with Benton.

There are five bills of exception in the record. The first complains of the error of the court in refusing to quash the indictment, the motion made by appellant resting upon the proposition that instead of the word "seven" in alleging the date of the offense, appears the word "seve." The original indictment is sent up with the transcript. To us it plainly appears that the letter "n" was written immediately following the word "seve," and that this is patent upon an inspection of the indictment.

Bill of exceptions No. 2 sets out the exceptions taken to the charge of the court. Complaint at the failure of the court to tell the jury that Benton was an accomplice, or to submit to the jury the question as to whether he was such accomplice, seems unavailing in the light of Art. 670 of our Penal Code, which provides that the purchaser, transporter, possessor, etc., of intoxicating liquor shall not be held as an accomplice. There seems no dispute of the fact that the liquor found in appellant's car was in the front seat by the side of appellant. The court in his charge told the jury that if liquor was in the car but its presence was unknown to the accused, or if they had a reasonable doubt of his knowledge that same was in the car, etc., he would not be guilty. Substantially these same objections appear in bills of exception Nos. 3, 4, and 5.

Being unable to agree with appellant in any of his contentions, the judgment will be affirmed.

*Affirmed.*